IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03063-BNB

ALEX HOMER LINZY,

    Applicant,

v.

FRANCIS FALK, Warden, and
ATTORNEY GENERAL STATE OF COLORADO,

    Respondents.

---

ORDER DENYING REQUEST TO STAY APPLICATION
AND ORDER TO SHOW CAUSE

---

Applicant, Alex Homer Linzy, is in the custody of the Colorado Department of Corrections and is incarcerated at the correctional facility in Limon, Colorado. He has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his convictions in Denver District Court Case No. 04CR1331 for second degree kidnaping, sexual assault, and misdemeanor assault. The trial court adjudicated him an habitual criminal and imposed consecutive sentences totaling 144 years to life. Mr. Linzy has paid the $5.00 filing fee.

Mr. Linzy asserts nine claims in the Application. The parties agree that Applicant's eighth and ninth claims are currently pending before the state district court in a Colorado Criminal Procedure Rule 35 proceeding. (*See* ECF No. 1, at 35-36; No. 16, at 15). Applicant asks the Court to hold his § 2254 Application in abeyance while he exhausts state remedies for his unexhausted claims. (ECF No. 4).

**I. Applicable Legal Standards**

Mr. Linzy's *pro se* pleadings are afforded a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Although the Court does not act as an advocate for a *pro se* litigant, *see Hall*, 935 F.2d at 1110, because of the procedural complexities inherent in habeas corpus proceedings, some advisement to Applicant is warranted to inform his decision in this matter.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary

to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy,* 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

## II. Request to Stay § 2254 Application

Pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), this Court has discretion to stay a mixed petition while a habeas petitioner returns to state court to exhaust his unexhausted claims. *Id.* at 277. However, "stay and abeyance should be available only in limited circumstances." *Id.* A habeas petitioner must establish "good cause" for his failure to first exhaust the claims in state court. *Id.* In *Rhines*, the Supreme Court was concerned about the possible expiration of the AEDPA one-year limitation period while an Application remained pending in federal court. *Id.* at 269-70; *see also Duncan v.*

*Walker*, 533 U.S. 167, 181-82 (2001) (holding that AEDPA limitation period is not tolled during pendency of federal habeas petition). No such concern is presented here.

The state court register of actions provided by Respondents shows that the Colorado Supreme Court denied certiorari review in Mr. Linzy's direct appeal proceeding on August 28, 2008. (*See* ECF No. 16-3). The Colorado Supreme Court denied certiorari review on January 26, 2009. (ECF No. 16-5). Applicant's conviction became final ninety days later, on April 26, 2009, when the time for filing a petition for certiorari review with the United States Supreme Court expired. *See* Sup. Ct. R. 13(1); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The AEDPA one-year limitation period, *see* 28 U.S.C. § 2244(d), began to run on April 27, 2009. *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003) (one-year limitation period commences the day after expiration of the time for seeking review).

The AEDPA time clock ran **190 days** from April 27, 2009 to November 3, 2009, when Mr. Linzy filed a motion for post-conviction relief pursuant to Colo. Crim. P. Rule 35(c). *See* 28 U.S.C. § 2244(d)(2); *Habteselassie v. Novak*, 209 F.3d 1208 (10th Cir. 2000) (properly filed motion for state post-conviction relief tolls the statute of limitations while motion is pending). The Rule 35(c) motion was pending until the Colorado Supreme Court denied Applicant's request for certiorari review on June 25, 2012. (*See* ECF No. 16-1, at 10, 12). Mr. Linzy's filing of a second state post-conviction motion on April 12, 2012, while the appeal in his first post-conviction proceeding was pending, did not toll the limitations period because the state district court lacked jurisdiction at that time. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (state application for post-conviction

relief is properly filed when its delivery and acceptance are in accordance with applicable state laws and rules governing filings). Accordingly, the AEDPA time clock ran for an additional **55 days**, from June 26, 2012, until August 20, 2012, when Applicant filed a motion to refile his second Rule 35(c) motion, after jurisdiction was returned to the trial court. (ECF No. 16-1, at 10). Mr. Linzy's post-conviction motion is pending in the state district court and continues to toll the statutory one-year limitation period. (*Id.* at 9). Accordingly, a total of **245 days** have run against the one-year limitation period.

It appears that Mr. Linzy may be able to meet the AEDPA's one-year filing requirement if he acts diligently to file his federal application after the state court has finally resolved his unexhausted claims. Accordingly, the Court finds no basis for staying this action until Mr. Linzy has exhausted his state court remedies for his unexhausted claims.

### III. Order to Show Cause

Because Mr. Linzy is asserting both exhausted and unexhausted claims, he will be ordered to show cause why the Application should not be denied as a mixed petition. *See Rose*, 455 U.S. at 522; *Harris*, 48 F.3d at 1133. In order to avoid dismissal of a habeas application as a mixed petition, an applicant may elect to dismiss any unexhausted claims and pursue only those claims for which state remedies already have been exhausted. If an applicant wishes to pursue all of his claims in federal court

the habeas action will be dismissed without prejudice so that the applicant may exhaust state remedies. He then may file a new application for a writ of habeas corpus once all of his claims are exhausted.

A decision to dismiss unexhausted claims and pursue immediately only exhausted claims likely will bar an applicant from seeking review of the unexhausted claims in a second or successive application. *See* 28 U.S.C. § 2244(b). Alternatively, if an applicant elects to dismiss the entire action and return to state court to exhaust the unexhausted claims before seeking relief in federal court, the one-year limitation period in § 2244(d) will be applied to any new federal court action the applicant seeks to file. Furthermore, the time during which a 28 U.S.C. § 2254 application is pending in this Court does not toll the one-year limitation period in § 2244(d). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first federal habeas petition"). The fact that the instant action currently is timely under § 2244(d) does not mean that any future action filed by Mr. Linzy will be timely.

Mr. Linzy will be afforded an opportunity to show cause why the instant action should not be dismissed as a mixed petition. Alternatively, the Court will allow Mr. Linzy to dismiss voluntarily his unexhausted claims and to proceed with the exhausted claim(s). If Applicant fails to provide a clear response indicating his intentions, he will

have failed to show cause as directed, and the Court will dismiss the instant action as a mixed petition.  Accordingly, it is

ORDERED that the Petition for Stay and Abeyance Pending Exhaustion of State Court Remedies (ECF No. 4), filed on November 20, 2012,  is **denied**.  It is

FURTHER ORDERED that Mr. Linzy show cause within **thirty days from the date of this Order** why the Application should not be denied as a mixed petition for failure to exhaust state court remedies.  It is

FURTHER ORDERED that, alternatively, Mr. Linzy may dismiss voluntarily the unexhausted claims and proceed with only the exhausted claim(s).

FURTHER ORDERED that the Application will be denied and the action will be dismissed without further notice if Mr. Linzy fails to show cause as directed within the time allowed.

DATED February 8, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge