IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03063-BNB

ALEX HOMER LINZY,

    Applicant,

v.

FRANCIS FALK, Warden, and
ATTORNEY GENERAL STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Alex Homer Linzy, is in the custody of the Colorado Department of Corrections and is incarcerated at the correctional facility in Limon, Colorado. He has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his convictions in Denver District Court Case No. 04CR1331 for second degree kidnapping, sexual assault, and misdemeanor assault. The state trial court adjudicated him an habitual criminal and imposed consecutive sentences totaling 144 years to life. Mr. Linzy has paid the $5.00 filing fee.

    Mr. Linzy asserts nine claims in the Application. The parties agree that Applicant's eighth and ninth claims are currently pending before the state district court in a Colorado Criminal Procedure Rule 35 proceeding. (*See* ECF No. 1, at 35-36; No. 16, at 15).

    On February 8, 2013, Magistrate Judge Boyd N. Boland entered an Order denying Applicant's request to stay the Application pending his exhaustion of state

remedies. The February 8 Order also directed Mr. Linzy to show cause within thirty (30) days why the Application should not be dismissed as a mixed petition.

On February 15, 2013, Mr. Linzy filed a "Response to Court Order to Show Cause" (ECF No. 19) in which he asks the Court to dismiss the Application without prejudice so that he may exhaust his unexhausted claims in the state courts and return to federal court once all of his claims are exhausted.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose*

*v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

Mr. Linzy's federal Application contains both exhausted and unexhausted claims. Applicant has elected to voluntarily dismiss his Application so that he may exhaust state remedies for all of his claims and then return to federal court.  Mr. Linzy is reminded that the one-year limitation period in 28 U.S.C. § 2244(d) will be applied to any new federal court action that he files.  Furthermore, the time during which a 28 U.S.C. § 2254 application is pending in this Court does not toll the one-year limitation period in § 2244(d).  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first federal habeas petition").  Accordingly, it is

ORDERED that the February 8, 2013 Order to Show Cause is discharged.  It is

FURTHER ORDERED that Mr. Linzy's Response to Order to Show Cause (ECF No. 19), filed on February 15, 2013, in which he requests that the Court dismiss his § 2254 Application without prejudice so that he may exhaust state remedies for his unexhausted claims is GRANTED.  It is

FURTHER ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  21st  day of    February   , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court